**IN UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**DAVID POUNDS**                                                                   **PLAINTIFF**

**vs.**                                        **Civil No. 6:19-cv-06116**

**ANDREW SAUL,**                                                               **DEFENDANT**
**Commissioner, Social Security Administration**

<u>**MEMORANDUM OPINION**</u>

Plaintiff, David Pounds, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).   In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.   *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.   ECF No. 5.   Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      <u>Background</u>:**

Plaintiff protectively filed his application for DIB on May 1, 2017, and his application for SSI on May 25, 2017.   (Tr. 16)[1].   In his applications, Plaintiff alleged being disabled due to: sciatic nerve, spinal stenosis, left leg problems, depression, and bone spurs on his back with an

---

1 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 11, These references are to the page number of the transcript itself not the ECF page number.

1

alleged onset date of November 1, 2013.  (Tr. 16, 217).  Plaintiff's application was denied

initially and again upon reconsideration.  (Tr. 16).  Plaintiff requested an administrative hearing

and that administrative hearing was held on August 3, 2018.  (Tr. 16, 37-59).  At this hearing,

Plaintiff was present and represented by counsel, Sherri A. McDonough.  (*Id*.).  Plaintiff and a

Vocational Expert ("VE") testified at the hearing.  (*Id*.).

Following the administrative hearing, on December 19, 2018, the ALJ entered an

unfavorable decision.  (Tr. 13-32).  The ALJ found Plaintiff had not engaged in substantial

gainful activity since his alleged onset date of November 1, 2013.  (Tr. 18, Finding 2).  The ALJ

determined Plaintiff had the severe impairments of: degenerative disc disease, bronchitis,

avascular necrosis of the hip, hypertension, depression, and anxiety.  (Tr. 19, Finding 3).  Despite

being severe, the ALJ determined those impairments did not meet or medically equal the

requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1

("Listings").  (Tr. 19-22, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC.  (Tr. 22-

29, Finding 5).  The ALJ evaluated Plaintiff's subjective complaints and found his claimed

limitations were not entirely consistent with the medical evidence and other evidence in the record.

*Id*.  The ALJ determined that with mild to moderate pain, Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he
> can occasionally lift and carry 20 pounds, he can frequently lift and carry 10
> pounds, he can occasionally climb, crouch, stoop, kneel and crawl, he can sit up to
> 6 hours in an 8 hour workday, he can stand and walk up to 6 hours in an 8 hour
> workday, 1 to 2 hours without interruption, because of the bronchitis the claimant
> cannot work in temperature extremes, heavy chemicals, dust, fumes, high humidity,
> he must have inside climate control and he cannot work on uneven ground. He is
> limited to unskilled activities that involve understand[ing], remember[ing], and
> follow[ing] concrete instructions, he can have superficial contact with co-workers,
> supervisors, and the general public such as meet, greet, make change, and give
> simple instructions and directions.

2

*Id.*

The ALJ found Plaintiff unable to perform any of his Past Relevant Work ("PRW").   (Tr. 29, Finding 6).   However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform.   (Tr. 30-31, Finding 10).   With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of facility rental clerk with approximately 75,000 jobs in the nation or press operator with approximately 30,000 jobs in the nation.   *Id.*   The ALJ found Plaintiff also had the residual functional capacity to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally lift and carry 10 pounds, he can frequently lift and carry 10 pounds, he can occasionally climb, crouch, stoop, kneel and crawl, he can sit up to 6 hours in an 8 hour workday, he can stand and walk up to 2 hours in an 8 hour workday, 1 to 2 hours without interruption, because of the bronchitis the claimant cannot work in temperature extremes, heavy chemicals, dust, fumes, high humidity, he must have inside climate control and he cannot work on uneven ground. He is limited to unskilled activities that involve understand[ing], remember[ing], and follow[ing] concrete instructions, he can have superficial contact with co-workers, supervisors, and the general public, he is limited to simple instructions and directions.
> *Id.*

The ALJ determined Plaintiff was not disabled at any time from November 1, 2013, through the date of his decision.   (Tr. 31, Finding 12).

On September 10, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1-4). On October 3, 2019, Plaintiff filed the present appeal.   ECF No. 2.   Both Parties have filed appeal briefs.   ECF Nos. 15, 16.   This case is now ready for decision.

**2.**   **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.   *See Cox*

3

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. §§ 423(d)(3), 1382(3)(c).   A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.   *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.   He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.   *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).   The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

Plaintiff brings two points on appeal: 1) whether the ALJ's RFC finding was supported by substantial evidence; and 2) whether the ALJ afforded the proper weight to opinions from Plaintiff's treatment providers. ECF No. 15.   The Commissioner argues substantial evidence

4

supported the ALJ's RFC findings, and that the ALJ properly weighed the medical opinion evidence.   ECF No. 16.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.   *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).   Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.   The ALJ's decision must be affirmed if the record contains substantial evidence to support it.   *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).   As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.   *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).   In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.   *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.   For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.   Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.   *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.** <u>**Conclusion**</u>**:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of September 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE